UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEFINA MILLAN,

    Plaintiff,

v.

CARDENAS MARKETS, INC.,

    Defendant.

Case No. 2:16-cv-01549-APG-GWF

**ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S PREMISES LIABILITY EXPERT**

(ECF No. 19)

Josefina Millan sues Cardenas Markets, Inc. for damages she claims she sustained from slipping on a wet patch of floor while shopping in the store.[1] Cardenas now moves *in limine* to exclude Millan's premises liability expert, Dr. Gary Presswood.[2] Presswood offers four opinions: (1) water on the floor is a hazard; (2) the floor where Millan fell likely had low slip-resistance qualities; (3) "there is insufficient evidence to establish a critical risk management procedure at the facility in order to secure adequate safety for pedestrians"; and (4) there is no evidence that Millan contributed to the event.[3] Cardenas argues that Presswood's opinion regarding the low slip-resistance quality of the floor is not factually supported, and that his other opinions do not assist the trier of fact because they are common knowledge.[4] It is undisputed that Presswood did not inspect the premises or test Cardenas's floor before he prepared his report.

Millan responds that although Presswood did not inspect the premises, he based his opinion on the complaint, "the Defendant's disclosures (which included a video of the incident),

---

[1] ECF No. 1-2.

[2] ECF No. 19.

[3] *Id*. Cardenas focuses on opinions 1-3, despite Millan reiterating the fourth opinion in her response to Cardenas's motion. *See* ECF No. 20 at 4. Regardless, as discussed below, Presswood's fourth opinion is excluded for the same reason opinions 1 and 3 are excluded.

[4] ECF No. 19.

and Plaintiff's Deposition Transcript, among other documents."[5] She further contends that Presswood's opinions are relevant because they "speak directly to the standard of care, breach, and causation of Plaintiff's slip-and-fall."[6] Alternatively, Millan requests that Presswood be given an opportunity to file a supplemental report after he is able to inspect the premises.[7]

I. **DISCUSSION**

Federal Rule of Evidence 702 permits testimony based on "scientific, technical, or other specialized knowledge" by experts qualified by "knowledge, skill, experience, training, or education . . . ." The trial court acts as a "gatekeeper" to exclude expert testimony that is not relevant and reliable.[8] Testimony is relevant if it will "help the trier of fact to understand the evidence or to determine a fact in issue."[9] To be helpful to the jury, the testimony must be "tied to the facts" of the particular case.[10]

A. **Opinion 2: Low Slip-Resistance**

Presswood did not personally inspect or test the floor at issue. While Millan contends that Presswood was given a video of the incident, Presswood's report references only Millan's deposition, an incident report from a Cardenas employee, and a photograph of Millan's shoes. There is no indication that Presswood relied on video or detailed photos of the floor to form his opinions. Indeed, his report specifically states that he was not given photos of the floor.[11] The

---

[5] ECF No. 20 at 4.

[6] *Id.*

[7] In his report, Presswood acknowledges that he did not view the premises and indicates that he "would like the opportunity to validate my initial opinions regarding the safety of the walkway surface where this incident occurred; however, the opinions presented within this report are based on my extensive experience in analyzing floor surfaces found in similar locations." ECF No. 19-2 at 2-3.

[8] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

[9] Fed. R. Evid. 702(a); *see also Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (stating testimony is relevant if it "logically advances a material aspect of the proposing party's case").

[10] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) (quoting *United States v. Downing*, 793 F.2d 1224, 1242 (3d Cir. 1985)).

[11] ECF No. 19-2 at 2 ("A single photograph of the flip-flop style shoes Ms. Millan was wearing is the only reported photograph presented for my review. Normally, floor conditions are preserved by photos.").

report instead relies on previous inspections of other floors in similar "market-type" locations and notes that those floors are "smooth, non-textured floors, typically consisting of smooth tiles or highly finished concrete surfaces."[12]

Presswood has been previously excluded from testifying at trial in similar circumstances. In *Iazzetta v. Smith's Food & Drug Centers, Inc.*, the court excluded Presswood's opinions that the Smith's tile floor was inherently dangerous and likely did not possess the industry's minimum slip-resistance; Presswood had not examined the floor where the incident occurred and based his opinions solely on his evaluation of other tile surfaces.[13] Other than generally asserting that the Smith's floor was tile, "the type of tile, its manufacturer, age, condition, and what kind of finish it has, if any, are all unknown to this expert."[14] The court in *Iazzetta* concluded that these opinions were not based on sufficient facts or data and therefore excluded Presswood's testimony.[15]

The gap between the data relied upon and Presswood's opinion regarding slip-resistance is even wider in this case. Here, Presswood does not know the type of floor involved, let alone any other information about its attributes or condition. He offers no facts indicating that the floor where Millan fell is similar to or representative of the other floors he has inspected. He does not indicate that he knows whether the floor was smooth or textured. In short, Presswood's opinion is not adequately tied to the facts of this case. Therefore, Presswood's opinion regarding the slip-resistant qualities of the Cardenas floor is excluded.

**B.  Opinions 1, 3, and 4: Water as a Hazard, Cardenas's Safety Procedures, and Millan's Contributory Negligence**

"It is well settled [in Nevada] that the standard of care must be determined by expert testimony unless the conduct involved is within the common knowledge of laypersons."[16] When

---

[12] *Id.* at 3.

[13] No. 2:14-cv-01810-JAD-NJK, 2016 WL 527047, at *3 (D. Nev. Feb. 9, 2016).

[14] *Id.*

[15] *Id.*

[16] *Daniel, Mann, Johnson & Mendenhall v. Hilton Hotels Corp.*, 642 P.2d 1086, 1087 (Nev. 1982).

"the service rendered does not involve esoteric knowledge or uncertainty that calls for the professional's judgment, it is not beyond the knowledge of the jury to determine the adequacy of performance."[17]

Presswood's opinion that the presence of water on the floor where Millan fell created a hazardous condition is based solely on his general knowledge of floors in market-type locations. He does not provide sufficient foundation to support his opinion as it relates to the specific conditions of the floor at issue. Further, he provides no particular knowledge of or expertise about the specific hazards in this case that is beyond the common knowledge of a layperson. Presswood's opinion as to water as a hazard would not help the trier of fact to understand the evidence or determine the facts in issue.

The same is true for his opinions on Cardenas's risk management procedures and Millan's contribution to the incident. Presswood opines that there is "insufficient evidence to establish a critical risk management procedure" at Cardenas. This opinion would presumably be used to show that Cardenas breached its duty of care. The jury will be asked to consider whether Cardenas created a slipping hazard by failing to warn, inspect dangerous conditions on the premises, or adequately maintain walkways. It might also be asked to consider whether Millan contributed to her fall or injuries. Because these issues fall within the common knowledge of laypersons, and Presswood has no greater or more specialized knowledge of these facts than the jurors will, Presswood's opinions on these questions would not be helpful to the jury and are excluded.

### C. Millan's Request to Supplement Presswood's Report

In the alternative, Millan asks that I allow Presswood to supplement his initial report after he performs a site inspection.[18] After Cardenas filed this motion, Millan served a request upon Cardenas to allow Presswood to inspect the premises.[19] Cardenas moved for a protective order to

---

[17] *Id.*

[18] ECF No. 20 at 5 (citing Fed. R. Civ. P. 26(a)(2) and 26(e)(2) (parties have a duty to supplement an expert report 30 days before trial if the disclosure or response is incomplete, or as ordered by the court).

[19] *See* ECF No. 21 at 3.

preclude that inspection, which Magistrate Judge Foley denied.[20] There is no indication in the record that the site inspection has been performed, or that Presswood has prepared a supplemental report. Based on the current record, I conclude that Presswood's expert testimony and his report is excluded from trial because it lacks foundation and is unhelpful to the jury.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Cardenas's motion to exclude Millan's premises liability expert **(ECF No. 19) is GRANTED**.

DATED this 8th day of September, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[20] ECF No. 26 at 2-3.